IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **PETHINAIDU VELUCHAMY**, *et al.*, <br><br> v. <br><br> **Plaintiff,** <br><br> **FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as Receiver of Mutual Bank, Harvey, Illinois, and in its corporate capacity,** <br><br> **Defendant.** | Case No. 10-cv-00648 <br><br> The Honorable William J. Hibbler |

**MEMORANDUM OF LAW OF THE FEDERAL DEPOSIT
INSURANCE CORPORATION AS RECEIVER OF MUTUAL BANK
IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant Federal Deposit Insurance Corporation, solely in its capacity as Receiver ("Receiver") of Mutual Bank of Harvey, Illinois ("Bank")[1], submits this Memorandum in Support of its Motion to Dismiss Plaintiffs' Complaint ("Motion to Dismiss"). The Receiver seeks dismissal with prejudice of the claims brought by each Plaintiff, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

**FACTUAL BACKGROUND**

The Bank was a wholly-owned bank subsidiary of First Mutual Bancorp of Illinois, Inc. ("First Mutual"). *See Veluchamy et al. v. FDIC*, No. 10-0648, Docket No. 1, at ¶ 4

---

[1] As explained herein, the FDIC in its Corporate capacity and the FDIC as Receiver are separate entities. The Receiver understands that FDIC Corporate will be filing a separate response to Plaintiffs' Complaint.

("Complaint").[2]  Together, Pethinaidu Veluchamy, Parameswari Veluchamy, Arun Veluchamy, Anu Veluchamy, and the Veluchamy Family Foundation (collectively "Plaintiffs") owned 93.2% of First Mutual.  *Id*.  As the major stakeholders in First Mutual, Plaintiffs participated in efforts to restore the Bank to a well-capitalized position after they were informed in mid-2008 by the Federal Deposit Insurance Corporation, acting in its corporate capacity as regulator of the Bank ("FDIC Corporate"), that the Bank's capital position had deteriorated from "Well Capitalized" to "Adequately Capitalized."  *Id*. at ¶¶ 10-11, 20.  As a result of these efforts, Plaintiffs acquired the following additional interests in First Mutual and the Bank:

- Pethinaidu and Parameswari Veluchamy: $17.1 million of the Bank's Series A Subordinated Notes, and $1.5 million of the Bank's Series B Junior Subordinated Notes (the Series A and B Subordinated Notes are collectively referred to as the "Notes").  *Id*. at ¶¶ 11(a), 20(a).

- Pethinaidu and Parameswari Veluchamy: $5 million of First Mutual shares.  *Id*. at ¶ 20(b).

- Veluchamy Family Foundation: $2 million of First Mutual shares.  *Id*. at ¶ 11(a).

- Anu Veluchamy: $1.7 million of First Mutual shares.  *Id*. at ¶¶ 11(e) and 20(c).

- Arun Veluchamy: $600,000 of First Mutual shares.  *Id*.

First Mutual contributed substantially all of the proceeds of the above sales of shares to the Bank.  *Id.* at ¶ 11, 20.  Plaintiffs also made arrangements for a third party, Dharsan Dhaliwal, to borrow $5.9 million from the Bank, the proceeds of which were used to purchase Series A Subordinated Notes issued by the Bank.  *Id*. at ¶ 11(d).  Finally, Pethinaidu and Parameswari

---

[2]   For purposes of this Motion to Dismiss only, the Receiver accepts all well-pleaded factual allegations in the Complaint as true.  *See Riley v. Bingham*, No. 07-4666, 2008 U.S. Dist. LEXIS 77995, *2 (N.D. Ill. Aug. 19, 2008).

Veluchamy guaranteed a third party's purchase of $5 million in Series A Subordinated Notes issued by the Bank. *Id*. at ¶ 11(c).

As the Bank's financial condition continued to deteriorate, its Board sought permission from FDIC Corporate to redeem the Notes. *Id*. at ¶¶ 28, 29, and 31. No such permission was granted. *Id.* ¶ 29. The Bank's financial condition continued to deteriorate, and on July 31, 2009, the Illinois Department of Financial and Professional Regulation declared the Bank insolvent and appointed the FDIC as its receiver. *Id*. at ¶ 32. At the time the Bank was declared insolvent, Plaintiffs held the above-described Notes and First Mutual shares.

Each Plaintiff filed a Proof of Claim (collectively the "Proofs of Claims") with the Receiver on November 3, 2009. *Id*. at ¶ 36. The Receiver subsequently disallowed all Proofs of Claims. *Id*. at ¶ 37. Plaintiffs' Complaint alleges FDIC Corporate, acting as regulator of the Bank, gave Plaintiffs false hope about the Bank's financial condition to cause them to infuse capital into the Bank. *Id*. at ¶ 50. Plaintiffs also allege FDIC Corporate refused to approve the Bank's request to redeem the Notes and treat the proceeds as deposits of the Bank. *Id*. at ¶ 44. According to Plaintiffs, FDIC Corporate was improperly motivated to deny the request by its desire to mitigate the impact of the Bank's eventual failure on the Deposit Insurance Fund. *Id*.

The four-count Complaint seeks relief against FDIC Corporate and the Receiver; Counts I and II are brought pursuant to the Administrative Procedure Act, Count III is brought pursuant to 12 U.S.C. § 1821(d)(6)(A) of the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") and is captioned "*De Novo* Determination of Plaintiffs' Claims," and Count IV seeks declaratory relief. Plaintiffs seek judgment declaring "disallowance of their Claims [was] improper and void," treatment of $23.6 million of the Notes as deposits of the Bank, $9.3 million in damages related to the purchase of First Mutual shares, and attorneys' fees.

3

**ARGUMENT**

Plaintiffs fail to state a claim against the Receiver because their Complaint does not allege any wrongful conduct by the failed bank or actionable conduct by the Receiver, which constitute the only bases for potential liability of the FDIC when serving as the receiver of a failed bank. The alleged acts and omissions of FDIC Corporate, in its distinct capacity as regulator of the Bank, may not be imputed to the Receiver.[3] Moreover, while the foregoing fatally flaws the entire Complaint with respect to the Receiver, additional problems doom three of the four counts: Counts I and II seek relief under the Administrative Procedure Act, which does not govern review of claims submitted to and rejected by the FDIC in its receivership capacity, and Count IV's prayer for declaratory relief against the Receiver is barred by FIRREA.

**I.    Standard of Review.**

For purposes of a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations in the Complaint are accepted as true. *United States v. Dish Network, L.L.C.*, 667 F. Supp. 2d 952, 954-55 (C.D. Ill. 2009). A "[c]omplaint must set forth a short and plain statement of the claims showing that the Plaintiffs are entitled to relief." *Id*. (citing Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559-63 (2007); and *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663 (7th Cir. 2007)). A complaint's "allegations must plausibly suggest that the Plaintiffs are entitled to relief." *Id*. (internal citations omitted). *See also Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 511 (7th Cir. 2010) (same).

---

[3]    In noting that the alleged acts and omissions of FDIC Corporate may not be imputed to the Receiver, the Receiver does not intend to imply that any of these allegations has merit.

## II.     The Complaint Fails To State A Claim Against the Receiver.

### A.     Plaintiffs' Claims Provide No Basis for Receiver Liability.

The FDIC operates in two distinct legal capacities.  *FDIC v. Hartford Ins. Co.*, 692 F. Supp. 866, 868 (N.D. Ill. 1988), *rev'd on unrelated grounds*, 877 F.2d 590 (7th Cir. 1989).  *See also FDIC v. Ernst & Young LLP,* 374 F.3d 579, 581 (7th Cir. 2004) ("By referring to 'the FDIC' as the plaintiff, we have simplified unduly--for that agency acts in multiple capacities, and the difference affects this litigation.").  FDIC Corporate acts as a federal regulatory agency and the insurer of member-banks' deposits.  12 U.S.C. §§ 1818, 1821(a).  *See also Ernst & Young*, 374 F.3d at 580 (describing distinct capacities).  In its receivership capacity, the FDIC is charged with marshalling the assets of failed financial institutions.  12 U.S.C. § 1821(d)(2)(A).  "The courts have consistently recognized this dual capacity, treating the FDIC acting within these two roles as two distinct entities."  *Hartford Ins.*, 692 F. Supp. at 868.  *See also Mill Creek Group, Inc. v. FDIC*, 136 F. Supp. 2d 36, 48 (D. Conn. 2001) (collecting authority recognizing distinct legal capacities of FDIC Corporate and Receiver).

When the FDIC is appointed receiver for a failed institution, it "steps into the shoes" of the failed institution.  *O'Melveny & Myers v. FDIC*, 512 U.S. 79, 86 (1994).  As a result of the appointment, the FDIC succeeds to "all rights, titles, powers, and privileges" of the failed institution.  12 U.S.C. § 1821(d)(2)(A)(i).  The Receiver's powers include the resolution of outstanding claims against the institution in receivership.  12 U.S.C. § 1821(d)(3).  Unlike those at issue here, claims properly brought against the Receiver typically involve wrongful conduct of the failed institution before receivership or claims for services rendered to the Receiver after

commencement of the receivership. This is because such claims are, in the former case, liabilities as to which the Receiver has succeeded or, in the latter case, based on conduct of the Receiver following the failure of the financial institution.

The Complaint alleges neither pre-receivership wrongdoing on the part of the Bank to which the Receiver has succeeded, nor actionable conduct by the Receiver itself. Rather, Plaintiffs' Complaint is based entirely on alleged acts and omissions of FDIC Corporate. This cannot form the basis of a claim against the Receiver. "[W]rongful conduct attributed to the FDIC as corporation cannot be attributed to the FDIC as receiver." *FDIC v. Bernstein*, 944 F.2d 101, 106 (2d Cir. 1991). *Accord Mill Creek Group*, 136 F. Supp. 2d at 48. *See FDIC v. State Bank of Virden*, 893 F.2d 139, 142 (7th Cir. 1990) ("The FDIC's 'capacity' matters because the statute draws a line between litigation by FDIC as 'Corporation' and litigation involving only the administration of the estate.").

Further, Plaintiffs cannot pursue liability against the Receiver simply because it disallowed the Proofs of Claim. FIRREA provides that no court has jurisdiction to review the Receiver's disallowance of claims. *See* 12 U.S.C. § 1821(d)(5)(E) ("No court may review the [FDIC's] determination pursuant to [12 U.S.C. § 1821(d)(5)(D)] to disallow a claim."); 12 U.S.C. § 1821(d)(13)(D) ("no court shall have jurisdiction over … any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [Receiver] has been appointed"). The Receiver's disallowance of the Proofs of Claims constitutes exhaustion of the FIRREA-mandated administrative claims process and triggers Plaintiffs' right to "file suit on such claim[s]" in this Court. *See* 12 U.S.C. § 1821(d)(6)(A). Such a right only allows Plaintiffs to pursue their underlying claims in court; Plaintiffs still must demonstrate an actionable cause of action against

the Receiver. Because the Complaint alleges, at most, claims solely against FDIC Corporate, the entire Complaint fails to state a claim upon which relief can be granted against the Receiver.

      **B.**      **Counts I and II Fail to State Actionable Claims Because the Administrative Procedure Act Does Not Apply to the Receiver.**

Counts I and II of the Complaint purportedly are brought against the Receiver pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. Claims filed against the Receiver are not governed by the APA, however. Such claims are governed by FIRREA, which provides for the right to file suit following exhaustion of the claims process. *See* 12 U.S.C. § 1821(d)(6)(A). *See also Jones v. Indymac Fed. Bank*, No. 08-CV-5215, 2009 U.S. Dist. LEXIS 76696, *4 (E.D.N.Y. Aug. 24, 2009) ("If a claimant is dissatisfied with the receiver's determination of its claim, the claimant may seek de novo adjudication in the appropriate federal district court."); *Jette v. Orange County Fin., Inc.*, No. 2:08-CV-1767, 2009 U.S. Dist. LEXIS 122786, ** 8-9 (E.D. Cal. Dec. 14, 2009) (describing process under 12 U.S.C. § 1821(d)(6)(A)). Because the APA does not apply to the Receiver's denial of Plaintiffs' claims, Counts I and II seek relief that is not available and must be dismissed for that additional reason.

      **C.**      **Count IV Should Also Be Dismissed Because Plaintiffs Are Barred From Seeking Declaratory Relief Against the Receiver.**

The relief Plaintiffs seek against the Receiver in Count IV fails for an additional reason. FIRREA provides that "no court may take any action . . . to restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or a receiver." 12 U.S.C. § 1821(j). As the Seventh Circuit explained in *Courtney v. Halleran*, 485 F.3d 942 (7th Cir. 2007):

> [C]ourts have recognized the breadth of § 1821(j)'s prohibition. The Ninth Circuit described the ban as an essential part of the FDIC's ability to function as a receiver. *Sahni v. American Diversified Partners*, 83 F.3d 1054, 1058 (9th Cir. 1996). The D.C. Circuit said that § 1821(j) "effect[s] a sweeping ouster of courts' power to grant

equitable remedies to parties like the [plaintiffs]." *Freeman v. FDIC*, 356 F.3d 1394, 1399 (D.C. Cir. 1995).

485 F.3d at 948. The *Courtney* court proceeded to explain that the *Freeman* court confirmed 12 U.S.C. § 1821(j) bars declaratory relief that would effectively restrain the Receiver. 485 F.3d at 948 (quoting *Freeman* and citing *Tri-State Hotels, Inc. v. FDIC*, 79 F.3d 707, 715 (8th Cir. 1996)). FIRREA thus prohibits the declaratory relief Plaintiffs seek from the Receiver in this case.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint against the Receiver should be dismissed in its entirety, with prejudice.

> Respectfully submitted
>
> **FEDERAL DEPOSIT INSURANCE CORPORATION**, solely in its capacity as Receiver of Mutual Bank, Harvey, Illinois

Date: April 2, 2010         By:    /s/ Alan F. Curley

Alan F. Curley (6190685)
Aleeza M. Strubel (6278548)
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
(312) 663-3100 – Telephone
(312) 663-0303 – Facsimile
acurley@robinsoncurley.com
astrubel@robinsoncurley.com

Kathryn R. Norcross, Senior Counsel
John Warshawsky, Counsel
Federal Deposit Insurance Corporation
    As Receiver of Mutual Bank
Legal Division
3501 Fairfax Drive, VS-D-7120
Arlington, Virginia 22226
(703) 562-6338
knorcross@fdic.gov
jwarshawsky@fdic.gov

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 2, 2010, he electronically filed **MEMORANDUM OF LAW OF THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF MUTUAL BANK IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT** with the Clerk of the District Court using the CM/ECF system, which shall send notification of such filing to the following.

Diane Marie Kehl
VEDDER PRICE, P.C.
dkehl@fedderprice.com

Frederic T. Knape
VEDDER PRICE, P.C.
fknape@fedderprice.com

Chad Allen Schiefelbein
VEDDER PRICE, P.C.
cschiefelbein@vedderprice.com

AUSA
UNITED STATES ATTORNEY'S OFFICE
usailn.ecfausa@usdoj.gov

Daniel Harold Kurtenbach
FEDERAL DEPOSIT INSURANCE CORPORATION (Corporate)
dkurtenbach@fdic.gov

The following counsel will be served separately by email:

John Spencer Stevens
Federal Deposit Insurance Corporation (Corporate)
jostevens@fdic.gov

    /s/ Alan F. Curley