IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETHINAIDU VELUCHAMY, PARAMESWARI VELUCHAMY, ARUN K. VELUCHAMY, ANU VELUCHAMY and the VELUCHAMY FAMILY FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as receiver for Mutual Bank, Harvey, Illinois, and in its corporate capacity,<br><br>Defendant. | Case No. 10-cv-00648<br><br>Hon. William J. Hibbler |

**PLAINTIFFS' OPPOSITION TO THE
FDIC-RECEIVER'S MOTION TO DISMISS**

As and for their Response in Opposition to the Motion to Dismiss ("Motion") the Complaint filed by the Federal Deposit Insurance Corporation, in its capacity as receiver of Mutual Bank, Harvey, Illinois ("FDIC-Receiver"), Plaintiffs Pethinaidu Veluchamy, Parameswari Veluchamy, Arun K. Veluchamy, Anu Veluchamy and the Veluchamy Family Foundation (collectively, "Plaintiffs") state:

**I.    INTRODUCTION**

By its Motion, FDIC-Receiver asks the Court to dismiss the entire Complaint against FDIC-Receiver "with prejudice." The FDIC, in its corporate capacity ("FDIC-Corporate"), also filed a similar Motion.

According to FDIC-Receiver, the Complaint should be dismissed as against it because:

- Plaintiffs do not seek relief against FDIC-Receiver; and

- 2 -

- Even if Plaintiffs sought relief against FDIC-Receiver, none is available.

FDIC-Receiver's Motion misconstrues the allegations of the Complaint and the nature of the relief that Plaintiffs seek against FDIC-Receiver. Specifically, Plaintiffs named FDIC-Receiver in the Complaint because FDIC-Receiver currently controls (in receivership) Mutual Bank, Harvey, Illinois (the "Bank") and is a necessary party. If Plaintiffs succeed on the merits of their claims, then only FDIC-Receiver can effect the monetary relief that Plaintiffs seek—the return of their investments.

Further, FDIC-Receiver concedes Plaintiffs have adequately alleged that FDIC-Corporate: (i) gave Plaintiffs "false hope about the Bank's financial condition" and (ii) "was improperly motivated to deny the request [to redeem the Bank's Series A and Series B Subordinated Notes (the "Notes")] by its desire to mitigate the impact of the Bank's eventual failure on the Deposit Insurance Fund." (FDIC-Receiver's Memorandum of Law ("Memo.") at 3.) Despite such alleged wrongs, FDIC-Receiver summarily denied each of Plaintiffs' Proofs of Claim. Plaintiffs are entitled to a *de novo* review of FDIC-Receiver's denial by the Court. For each of these reasons, as well as those set forth in Plaintiffs' Response to FDIC-Corporate's Motion to Dismiss, Plaintiffs respectfully request that the Court deny FDIC-Receiver's Motion.

## II.   SUMMARY OF THE ALLEGATIONS

The salient facts pled in the Complaint, which are also repeated in FDIC-Receiver's supporting Memorandum, are as follows:

- Plaintiffs owned 93.2 percent of First Mutual Bancorp of Illinois, Inc. ("First Mutual"), which owned 100 percent of the Bank;

- As the major stakeholders in First Mutual, Plaintiffs participated in substantial efforts to restore the Bank to a "well capitalized" position after FDIC-Corporate downgraded the Bank to "adequately capitalized";

- In furtherance of those efforts: (i) Plaintiffs Pethinaidu and Parameswari Veluchamy purchased $18.6 million of the Bank's Notes and $5 million in First

>   Mutual shares, (ii) Plaintiff Veluchamy signed a guaranty on the Bank's payment of an additional $5 million of the Bank's Notes, (iii) Plaintiff Anu Veluchamy purchased $1.7 million of First Mutual shares, (iv) Plaintiff Arun K. Veluchamy purchased $600,000 of First Mutual shares, and (v) Plaintiff Veluchamy Family Foundation purchased $2 million of First Mutual shares;

- First Mutual contributed substantially all of the proceeds from Plaintiffs' purchase of First Mutual shares to the Bank;

- FDIC-Corporate gave Plaintiffs false hope about the Bank's financial condition that caused them to undertake the efforts to restore the Bank to "well capitalized" status;

- The Bank's Board determined that it would be in the best interests of the Bank to redeem the Notes as long as Plaintiffs Pethinaidu and Parameswari Veluchamy agreed to place the proceeds from the redemption of the Notes in the Bank as demand deposits bearing no interest;

- The Bank requested that it be allowed redeem the Notes and advised FDIC-Corporate that, as a condition of the redemption, the Bank would insist that the proceeds of the redemption remain at the Bank in a demand deposit for at least as long as the remaining term of the Notes;

- The Bank twice sought permission from FDIC-Corporate to implement this plan of redemption, and in each such request represented to FDIC-Corporate that the plan was in the best interests of the Bank as determined by the Bank's Board of Directors;

- FDIC-Corporate failed to respond to these requests even though the Bank requested immediate action;

- FDIC-Corporate was improperly motivated to deny the requests because of its desire to lessen the impact of the Bank's failure on the Deposit Insurance Fund; and

- If FDIC-Corporate had properly acted on the requests, then the proceeds from the Notes would have become deposits and, as such, would have been transferred to United Central Bank, Garland, Texas (which purchased all of the Bank's deposits from FDIC-Receiver) without loss.

(FDIC-Receiver's Memo. at 1–3.)

Although the Bank is now closed, FDIC-Receiver continues to act as the Bank's receiver. (*Id.* at 3.) Plaintiffs filed Proofs of Claim with FDIC-Receiver on November 3, 2009, but FDIC-Receiver disallowed all of Plaintiffs' Proofs of Claim. (*Id.*)

## III. ARGUMENT

### A. Standard of Review

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 reflects a "liberal pleading regime, which is intended to 'focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court.'" *Lozano v. Twentieth Century Fox Film Corp.*, — F. Supp. 2d —, No. 09-cv-6344, 2010 WL 1197884, at *1 (N.D. Ill. Mar. 23, 2010) (quoting *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009)).

"To survive a motion to dismiss, a complaint must contain sufficient matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. The Complaint States a Claim against FDIC-Receiver

FDIC-Receiver begins its argument by noting the historical differences between FDIC-Receiver and FDIC-Corporate. (Memo. at 5.) FDIC-Corporate "acts as a federal regulatory agency and the insurer of member-banks' deposits." (*Id.*) FDIC-Receiver "is charged with marshalling the assets of failed financial institutions." (*Id.*)

While correct, the "dual capacity" argument is a red herring because Plaintiffs specifically acknowledged *and pled* "dual capacity" in the Complaint. Indeed, it is because of this "dual capacity" and the inherent conflicts of interest that result from it which caused Plaintiffs' injury.

- 5 -

Specifically, Plaintiffs allege that FDIC-Corporate, acting as the regulator of the Bank, encouraged Plaintiffs to infuse tens of millions of dollars into the Bank under a "false hope" that the Bank's financial condition would improve. In reality, however, the funds were used by FDIC-Receiver to mitigate the impact to the Deposit Insurance Fund once FDIC-Receiver took control of the Bank. FDIC-Receiver then improperly rejected Plaintiffs' Proofs of Claim despite proof of FDIC-Corporate's improper conduct and motive. By summarily denying the Proofs of Claims, FDIC-Receiver in essence ratified and approved of FDIC-Corporate's improper conduct and motive.

More importantly, FDIC-Receiver's Motion overlooks the fact that FDIC-Receiver is a necessary and indispensable party to this action because, if the trier of fact finds against FDIC-Corporate, then the Court would order FDIC-Receiver (which was appointed receiver of the Bank) to return Plaintiffs' investment. *See* 5 U.S.C. § 706. *See also Nw. Envtl. Def. Ctr. v. Bonneville Power Admin.*, 477 F.3d 668, 681 (9th Cir. 2007) (noting a district court's broad powers under 5 U.S.C. § 706). As receiver, FDIC-Receiver currently holds Plaintiffs' investment and has the ability to correct the wrong committed against Plaintiffs. Dismissal of FDIC-Receiver at this stage would effectively deprive Plaintiffs of a remedy because FDIC-Receiver would no longer be before the Court.

### C.     The APA Does Apply to the FDIC-Receiver

FDIC-Receiver also argues that the Administrative Procedures Act, 5 U.S.C. §§ 701–706 (the "APA"), does not apply to it because claims against FDIC-Receiver must be brought under 12 U.S.C. § 1821(d)(6)(A). (Memo. at 7.) It should be noted, however, that Plaintiffs did, in fact, bring claims pursuant to 12 U.S.C. § 1821(d)(6)(A) asking the Court to make a *de novo* review of the FDIC-Receiver's decision to deny Plaintiffs' Proofs of Claim.

Regardless, the APA has been applied to FDIC-Receiver when FDIC-Receiver is alleged (as in this case) to have abused its powers. *See James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1094 (D.C. Cir. 1996). FDIC-Receiver is not, as it apparently claims to be, "a sacred cow which may graze upon the rights of others at will, unchecked by the courts." *Chemical Futures & Options, Inc. v. Resolution Trust Corp.*, 832 F. Supp. 1188, 1193 (N.D. Ill. 1993) (citation and internal quotations omitted). FDIC-Receiver's claim that the APA does not apply to it is without merit.

### D. Plaintiffs' Claim for Declaratory Relief Should Not Be Dismissed Because It Is Consistent with the Relief That Plaintiffs Seek in Their Other Claims

Finally, FDIC-Receiver argues that Plaintiffs' claim for declaratory relief is improper under 12 U.S.C. § 1821(j). This is a straw man argument.

It is well established that "the operation of the Declaratory Judgment Act is procedural only." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (internal quotation and citation omitted). Plaintiffs are not asking the Court to: (i) "restrain or affect the exercise of powers or function of the [FDIC] as a conservator or a receiver," or (ii) confer subject matter jurisdiction under the Declaratory Judgement Act. (Memo. at 7.)

Rather, Plaintiffs' claim for declaratory relief seeks the same remedy sought in Plaintiffs' other claims—judicial review of FDIC-Receiver and FDIC-Corporate's conduct and motivations immediately prior to, during and after Plaintiffs' extraordinary efforts to help recapitalize the Bank. Consequently, Plaintiffs' claim for declaratory relief does not run afoul of 12 U.S.C. § 1821(j) and should not be dismissed.

- 7 -

## IV. CONCLUSION

The Complaint filed by Plaintiffs satisfies federal notice pleading requirements and states a claim against FDIC-Receiver. FDIC-Receiver's Motion, which seeks to have judgment entered against Plaintiffs based solely on the allegations of the Complaint, is not proper. FDIC-Receiver's Motion should be denied.

          Respectfully submitted,

          PETHINAIDU VELUCHAMY,
          PARAMESWARI VELUCHAMY, ARUN K.
          VELUCHAMY, ANU VELUCHAMY and the
          VELUCHAMY FAMILY FOUNDATION

          By: /s/Diane M. Kehl
                  One of Their Attorneys

Diane M. Kehl
Chad A. Schiefelbein
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
Telephone: (312) 609-7500
Fax: (312) 609-5005

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of Plaintiffs' Opposition to the FDIC-Receiver's Motion to Dismiss was served on:

| | |
|---|---|
| Alan Francis Curley | Daniel Harold Kurtenbach |
| Aleeza M. Strubel | Federal Deposit Insurance Corporation |
| Robinson Curley & Clayton, P.C. | 3501 Fairfax Drive |
| 300 South Wacker Drive | Room Vs-d7026 |
| Suite 1700 | Arlington, Virginia 22226 |
| Chicago, Illinois 60606 | |
| | |
| United States Attorney's Office | John Spencer Stevens |
| 219 South Dearborn Street | Federal Deposit Insurance Corporation |
| Suite 500 | 300 South Riverside Plaza |
| Chicago, Illinois 60604 | Suite 1700 |
| | Chicago, Illinois 60606 |

via electronic means on May 11, 2010.

    s/Diane M. Kehl