UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

PETHINAIDU VELUCHAMY, PARAMESWARI VELUCHAMY, ARUN K. VELUCHAMY, ANU VELUCHAMY and the VELUCHAMY FAMILY FOUNDATION,

    Plaintiffs,

    v.

FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as receiver for Mutual Bank, Harvey, Illinois, and in its corporate capacity,

    Defendants.

No. 1:10-cv-00648-WJH

June 2, 2010

---

### REPLY OF THE FEDERAL DEPOSIT INSURANCE CORPORATION IN ITS CORPORATE CAPACITY IN SUPPORT OF ITS MOTION TO DISMISS

What is clear from the Complaint is that Plaintiffs' capital investments were eaten up by the bad loans made by their Bank, Compl. at ¶¶ 11-27; that the notion that FDIC-Corporate gave Plaintiffs "false hopes of recovery" is beyond belief when Plaintiffs, as de facto owners of the Bank and direct investors in the Bank were fully aware of the Bank's condition, Compl. at ¶¶ 4, 11, 20, 21, 28, Opp. at 11; that Plaintiffs voluntarily attempted to raise the Bank's capital levels, Compl. at 11, 20, 21; and that when it became clear that their efforts were unsuccessful, Plaintiffs unsuccessfully attempted to get their money back out before the Bank failed, Compl. at 27-32. Plaintiffs now seek to avoid the consequences of their Bank's poor performance by claiming wrongdoing by one of the Bank's regulators, FDIC-Corporate. As demonstrated in FDIC-Corporate's Motion to Dismiss (Dkt. 18), Plaintiffs' claims against FDIC-Corporate are

baseless and fail to state a legally cognizable claim.  In their opposition to FDIC-Corporate's motion (Dkt. 23) (Opposition or Opp.), Plaintiffs focus on fine distinctions in the interpretation of case law, insignificant differences in reading the Complaint, and other minor issues.  However, the Opposition fails to squarely address the reasons that the Complaint should be dismissed as against FDIC-Corporate.

1. **Plaintiffs Fail To Demonstrate Any Basis For Claiming That "Monetary Relief" Was Due From FDIC-Corporate.**

First, because "money damages" are not an available form of relief under the Administrative Procedure Act (APA), 5 U.S.C. § 702, Plaintiffs attempt to characterize the relief they seek against FDIC Corporate -- creation of a new deposit account in the successor bank -- as a "specific remedy" rather than as "money damages."  Opp. at 6.  As Plaintiffs describe it, the "monetary relief" they seek is "to give the plaintiff the very thing to which he was entitled, *e.g.*, an action to compel an official to repay money improperly received."  Opp. at 6.  However, Plaintiffs' Complaint skips over a critical element of their theory:  they were never entitled to any money from FDIC-Corporate, nor did FDIC-Corporate "improperly receive" any money of Plaintiffs.  Absent such a showing in the Complaint -- necessary for the "facial plausibility" of their claim (Opp. at 4) -- the remedy Plaintiffs seek can only be construed as money damages.

The factual allegations of the Complaint tell Plaintiffs' story for purposes of this motion, and in that story FDIC-Corporate's involvement ended with not granting the Bank's application to redeem the subordinated debt.  Compl. at ¶ 31.  The Bank was closed and the receiver (FDIC-Receiver, a separate party) was appointed on July 31, 2009.  Compl. at ¶ 32.  United Central Bank assumed all of the deposits and $1.3 billion of the failed Bank's assets, with a loss share agreement with FDIC-Receiver.

In short, if Plaintiffs are looking for the "specific remedy" of repayment, refund, or return of their investments, all of the remaining assets of the Bank went either to the Receiver or to United Central Bank. The Complaint fails to provide any plausible theory or any factual support for the Opposition's argument that FDIC-Corporate somehow wrongfully received their investment money.

Whether on the APA "agency action" theory of he Complaint or the "false assurances" tort theory of the Opposition memorandum, Plaintiffs' claim for establishment of a new deposit account must be construed as seeking money damages, and is not cognizable under APA § 702.

**2.    Plaintiffs Fail To Demonstrate How Their Requested Relief Complies With Section 706 Of The APA.**

Section 706 of the APA provides that a court may "compel agency action unlawfully withheld or unreasonably delayed." In this case, Plaintiff's claim is that FDIC-Corporate unlawfully withheld approval of the Bank's application to retire the subordinated debt. The only actions that FDIC Corporate is empowered to take under the relevant statute (12 U.S.C. § 1828(i)) are to consider the statutory factors in 1828(i)(4) and consent under (i)(1). Accordingly, the only appropriate remedy under APA § 706 would be to compel FDIC-Corporate to consider the factors and consent to the Bank's application. Because the Bank is now closed, that remedy is unavailable. Instead, Plaintiffs seek a substitute remedy -- establishment of a deposit account in the successor bank. Because that is not an action that FDIC-Corporate could be legally required to take under the statute, Plaintiffs' requested relief is impermissible under APA § 706.

In response to FDIC-Corporate's argument, the Opposition merely quotes section 706 and repeats Plaintiffs' allegations. Opp. at 7-9. Plaintiff's make no response at all to the

substance of the argument:  the only possible remedy they could seek against FDIC-Corporate under the APA would be for FDIC-Corporate be compelled to approve the Bank's application.

### 3.A.     Because Plaintiffs' Alleged Injury Cannot Be Redressed By A Favorable Decision, Plaintiffs Lack Article III Standing.

As discussed above, APA §§ 702 and 706 bar the relief that Plaintiffs seek from FDIC-Corporate (establishment of a new deposit account).  The Opposition relies on its 702 and 706 arguments to support its claim to Article III standing.  As discussed above, Plaintiffs' argument that they are not seeking money damages is without factual support in the Complaint, and Plaintiffs fail to offer any argument contrary to FDIC-Corporate's contention that Plaintiffs' requested relief is unavailable under APA § 706.

### 3.B.     Plaintiffs Lack Article III Standing Because Their Claims Are Derivative.

Because Plaintiffs' alleged injury is clearly described in the Complaint as an indirect injury caused by FDIC-Corporate's failure to approve the Bank's application, Plaintiffs have only a dertivative claim that Plaintiffs lack standing to assert.  Plaintiffs fail to offer any authority or substantive argument to the contrary.  Rather, Plaintiffs respond by characterizing their claim as a "direct action" against FDIC-Corporate for giving Plaintiffs "false hopes" about the viability of the Bank. Opp. at 10.  However, this approach does nothing, because the alleged injury -- the loss of their investment as the result of FDIC-Corporate's failure to approve the Bank's application -- remains the same.

### 4.     Plaintiffs Fail To Demonstrate That They Are Within The "Zone Of Interests" Protected By 12 U.S.C. § 1828(i).

Plaintiffs argue that they are within the "zone of interests" necessary for prudential standing because they were the majority shareholders of the holding company that owned 100% of the Bank, and they were the owners of the subordinated notes.  However, Plaintiffs fail to

show that those interests are intended to be protected by the statute, 12 U.S.C. § 1828(i) and the factors listed in the statute. *See* FDIC-Corporate Memorandum at 13. The best that Plaintiffs can come up with is that they are "members of the community served by the Bank." Opp. at 11. Considering that Plaintiffs were the de facto owners of the Bank, this argument rings hollow.

## CONCLUSION

For the reasons stated above and in FDIC-Corporate's Memorandum In Support Of Its Motion To Dismiss, the Complaint should be dismissed as to FDIC-Corporate.

Respectfully submitted,

COUNSEL FOR THE FEDERAL DEPOSIT INSURANCE CORPORATION
SOLELY IN ITS CORPORATE CAPACITY

COLLEEN J. BOLES
Assistant General Counsel

CHARLES L. COPE
Senior Counsel

THOMAS L. HOLZMAN
Counsel

/s/ *Daniel H. Kurtenbach*
DANIEL H. KURTENBACH
Counsel
D.C. Bar No. 426590

Federal Deposit Insurance Corporation
3501 Fairfax Drive, Room VS-D7026
Arlington, VA 22226
dkurtenbach@fdic.gov
703-562-2465

June 2, 2010