**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PETHINAIDU VELUCHAMY, *et al.*, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No. 10-cv-00648** |
| **Plaintiff,** | ) | |
| | ) | **The Honorable William J. Hibbler** |
| **FEDERAL DEPOSIT INSURANCE** | ) | |
| **CORPORATION, in its capacity as Receiver of** | ) | |
| **Mutual Bank, Harvey, Illinois, and in its** | ) | |
| **corporate capacity,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPLY IN SUPPORT OF MOTION OF THE
FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER
OF MUTUAL BANK TO DISMISS PLAINTIFFS' COMPLAINT**

In their response to the Motion to Dismiss of the Federal Deposit Insurance Corporation

as Receiver of Mutual Bank of Harvey, Illinois ("Receiver"), Plaintiffs first concede they have

no claims against the Receiver, arguing it was sued only because it is supposedly a necessary and

indispensable party to Plaintiffs' claims against the FDIC in its distinct Corporate capacity

("FDIC-Corporate"). *See* Plaintiffs' Opposition to the FDIC-Receiver's Motion to Dismiss

("Opposition" or "Pl. Opp.") at 2. Plaintiffs then backtrack and argue they have in fact stated a

claim against the Receiver for what they characterize as its "improper" rejection of "Plaintiffs'

Proofs of Claim." *Id*. at 5.

Under either theory, Plaintiffs fail to state a claim against the Receiver because (a) this

Court lacks jurisdiction to review the Receiver's denial of Plaintiffs' Proofs of Claim; (b) the

Receiver is neither necessary nor indispensable to Plaintiffs' claims against FDIC-Corporate; and

(c) even assuming, for the sake of argument, the Court has jurisdiction to review the denial of

Plaintiffs' Proofs of Claims and the Receiver is a necessary and indispensable party, the relief

Plaintiffs seek is barred by the Financial Institutions Reform, Recovery, and Enforcement Act

("FIRREA"), which prevents this Court from taking "any action . . . to restrain or affect the

exercise of powers or functions of the Corporation as a . . . receiver."  12 U.S.C. § 1821(j).

## ARGUMENT

**I.      The Receiver's Denial Of Plaintiffs' Proofs Of Claim Is Not Subject To Judicial Review.**

Judicial determination as to the merits of a claim denied by the Receiver is available

under 12 U.S.C. § 1821(d)(6)(A).  *See Helm v. RTC*, 84 F.3d 874, 876 (7th Cir. 1996).  As set

forth in the Receiver's Motion to Dismiss, Plaintiffs fail to state a claim against the Receiver

under this provision because their Complaint does not allege wrongful conduct by Mutual Bank,

which, if alleged, would be a merits-based review, and the only Receivership conduct of which

Plaintiffs complain – improper denial of their proofs of claim – is not reviewable under Section

1821(d)(6)(A).

Plaintiffs apparently misunderstand the scope of judicial determination available to them

under Section 1821(d)(6)(A), arguing their Complaint should not be dismissed because it seeks

"*de novo* review of the FDIC-Receiver's decision to deny Plaintiffs' Proofs of Claim."  Pl. Opp.

at 5 (noting Plaintiffs' claims are brought pursuant to 12 U.S.C. § 1821(d)(6)(A)) (emphasis

added).  Yet as FIRREA makes clear, the only judicial "review" available to a claimant is a

determination of the merits of the underlying claim itself; FIRREA does not provide for judicial

review of the Receiver's decision to deny those claims.  *See* 12 U.S.C. § 1821(d)(5)(E) ("No

court may review the [FDIC's] determination pursuant to [12 U.S.C. § 1821(d)(5)(D)] to

disallow a claim.").

In *Helm v. RTC*, 84 F.3d 874 (7th Cir. 1996), which involved the Resolution Trust Corporation,[1] the Seventh Circuit described the limited jurisdiction FIRREA confers on federal courts to review claims disallowed by the FDIC as receiver pursuant to Section 1821(d)(6), explaining:

> [A]n individual may file suit against the RTC in federal court, not for review of the RTC's disallowance of her claim, but for relief on the underlying claim. The court would then ignore the RTC's disallowance of the claim and perform a *de novo* examination of the merits of the underlying claim.

*Id*. at 876. Thus, while Plaintiffs concede they seek a determination under Section 1821(d)(6)(A), they fail to recognize that Section 1821(d)(6)(A) does not confer jurisdiction to review the "FDIC-Receiver's decision to deny Plaintiffs' Proofs of Claim," but rather limits jurisdiction to determining the merits of Plaintiffs' underlying claims.

Pursuant to FIRREA, the Receiver "stepped into the shoes" of the failed institution and, therefore, succeeded to the liabilities of Mutual Bank. *See, e.g., O'Melveny & Myers v. FDIC*, 512 U.S. 79, 86 (1994) (citing 12 U.S.C § 1821(d)(2)(A)(i)). Because Plaintiffs' underlying claims allege misconduct solely by FDIC-Corporate as the regulator of Mutual Bank, they state no claims against FDIC-Receiver because they are not based upon alleged wrongful conduct of the failed institution, Mutual Bank. Simply put, the Receiver's conduct in processing and denying Plaintiffs' Proofs of Claims is not reviewable – denial of the Proofs of Claim only exhausts the administrative claims process, allowing Plaintiffs to seek *de novo* review of their claims against FDIC-Corporate – and, therefore, the Receiver was improperly sued as a

---

[1] While the *Helm* case involved the Resolution Trust Corporation ("RTC"), which was established by FIRREA to address the savings and loan crisis of the 1980s, FIRREA case law involving the RTC generally applies to the FDIC because the RTC ceased to exist as of December 31, 1995, and the FDIC succeeded the RTC on January 1, 1996. 12 U.S.C. § 1441a(m)(1).

defendant in this case.  *See Helm*, 84 F.3d at 876.  *See also ARD v. FDIC*, No. 09-04115, 2010

U.S. Dist. LEXIS 25113, ** 11-12 (C.D. Cal. Mar. 17, 2010) (noting district courts are "to

'determine' claims against failed banks *de novo*, rather than merely to review, for error or abuse,

[the] FDIC's initial decisions.").

## II.     Plaintiffs Fail To State A Claim Cognizable Pursuant To The Administrative Procedure Act.

As additional support for the dismissal of Counts I and II of Plaintiffs' Complaint, the

Receiver argued that both counts were fatally flawed because they were brought pursuant to the

Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*, which does not afford Plaintiffs

relief against the Receiver in this case.  (Docket No. 20 at 7.)  In their opposition, Plaintiffs argue

Counts I and II of the Complaint (which seek review exclusively under the APA) should not be

dismissed with prejudice because "the APA has been applied to FDIC-Receiver when FDIC-

Receiver is alleged (as in this case) to have abused its powers."  Pl. Opp. at 6.

The sole case Plaintiffs cite for this proposition, *James Madison Ltd. v. Ludwig*, 82 F.3d

1085 (D.C. Cir. 1996), is plainly inapposite and offers no support for Plaintiffs' assertion.  The

issue presented in *James Madison* was whether the federal courts have jurisdiction to review the

propriety of the appointment of the FDIC as receiver of a national bank.  *Id*. at 1092.  Plaintiffs

have grossly mischaracterized that case when they cite it as an example of APA review of a

decision of the FDIC-Receiver; *James Madison* did not create an exception to the provisions of

FIRREA that preclude courts from reviewing the Receiver's disallowance of claims.  *See, e.g.*,

12 U.S.C. § 1821(d)(5)(E).  Unlike *James Madison*, Plaintiffs make no allegations that the FDIC

was improperly appointed Receiver, and Plaintiffs are not entitled to APA review of their

disallowed receivership claims.  Counts I and II should be dismissed as to the Receiver with

prejudice.

III.    **The Receiver Is Neither "Necessary" Nor "Indispensable" To Plaintiffs' Claims Against The FDIC In Its Corporate Capacity.**

In an alternative effort to keep their claims against the Receiver alive, Plaintiffs now argue they sued the Receiver because it is allegedly "necessary" and "indispensable" to their claims against FDIC-Corporate.  *See* Plaintiffs' Opposition at 2 (noting "the nature of the relief that Plaintiffs seek against FDIC-Receiver" is as a "necessary party."); 5 (claiming "FDIC-Receiver is a necessary and indispensable party.").  Plaintiffs' new theory of receivership liability is unsupported by citation to any authority and was not pled against the Receiver in Plaintiffs' Complaint.

In any event, Plaintiffs' argument that the Receiver is "necessary and indispensable" to their claims against FDIC Corporate seeks to import a doctrine that simply does not apply to this situation.  Federal Rule of Civil Procedure 19 directs courts to undertake a two-part analysis to determine whether a party *not* named in litigation is both necessary and indispensable to a pending suit.  Here, the Court faces a very different situation because Plaintiffs have sued the Receiver, even though their Complaint fails to allege any receivership misconduct.  In short, the Receiver is anything but a necessary and indispensable party to Plaintiffs' case against FDIC-Corporate, and the claims against the Receiver should be dismissed with prejudice.  *See*, *e.g.*, *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 484 (7th Cir. 2001).

IV.    **The Relief Plaintiffs Seek From The Receiver Is Barred By Section 1821(j) of FIRREA.**

Even assuming, solely for the sake of argument, that Plaintiffs are able to obtain judicial review of the Receiver's denial of their Proofs of Claim and, further, assuming the Receiver could be a proper defendant in this case, the relief Plaintiffs seek – recharacterization of notes held by Plaintiffs as deposits of Mutual Bank – is barred by 12 U.S.C. § 1821 (j), which

"prohibits a court from taking any action either to restrain or affect the FDIC's exercise of its powers as a receiver, unless authorization can be found elsewhere in [FIRREA]." *Courtney v. Halleran*, 485 F.3d 942, 948 (7th Cir. 2007) (collecting cases that recognize the "breadth of § 1821(j)'s ban."). *See also Bank of Am. Nat'l Assoc. v. Colonial Bank*, __ F.3d __, No. 09-14739, 2010 U.S. App. LEXIS 8596, *8 (11th Cir. Apr. 26, 2010) (same).  Recharacterization of the notes as deposits would force the Receiver to restructure its efforts to resolve the Mutual Bank failure.  Thus FIRREA precludes this Court from ordering the FDIC to recharacterize Plaintiffs' notes as deposits of Mutual Bank, and the relief Plaintiffs seek is unavailable.

## CONCLUSION

For all of these reasons, and for all of the reasons set forth in the Memorandum of Law of the Federal Deposit Insurance Corporation As Receiver of Mutual Bank In Support of Motion to Dismiss Plaintiffs' Complaint, the Receiver respectfully seeks dismissal with prejudice of all claims against it.

Respectfully submitted

**FEDERAL DEPOSIT INSURANCE CORPORATION**, in its capacity as Receiver of Mutual Bank, Harvey, Illinois

Date:  June 2, 2010          By:      /s/ Alan F. Curley

Alan F. Curley (6190685)
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
(312) 663-3100 – Telephone
(312) 663-0303 – Facsimile
acurley@robinsoncurley.com

Kathryn R. Norcross, Senior Counsel
Federal Deposit Insurance Corporation
    As Receiver of Mutual Bank
Legal Division
3501 Fairfax Drive, VS-D-7098
Arlington, Virginia 22226
(703) 562-2302

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that on June 2, 2010, he electronically filed **REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT BY THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF MUTUAL BANK** with the Clerk of the District Court using the CM/ECF system, which shall send notification of such filing to the following:

Diane Marie Kehl
VEDDER PRICE, P.C.
dkehl@fedderprice.com

Frederic T. Knape
VEDDER PRICE, P.C.
fknape@fedderprice.com

Chad Allen Schiefelbein
VEDDER PRICE, P.C.
cschiefelbein@vedderprice.com


       /s/ Alan F. Curley